ALOMAR, PLAINTIFF AND APPELLEE, *v.* BOU ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action for Nullity of a Deed, etc. (Change of venue.)

No. 1999.—Decided May 29, 1919.

VENUE—REAL ACTION.—The whole wording of section 75 of the Code of Civil Procedure indicates that it was the intention of its framers that actions to determine titles to real property shall be tried in the district where the property is situated, and a successful nullity suit completely changes the title to real estate. Literally, it is the defendant's interest that is determined, but evidently the title of the plaintiff is determined at the same time.

The facts are stated in the opinion.

*Mr. Carlos Brunet* for the appellants.

*Mr. José Q. Torres* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The sole question involved in this case is whether a suit to annul a deed and to re-establish the *status quo* is one which has a permanent situs or is one in which the defendant has a right to insist on a trial in the place of his residence. Section 75 of the Code of Civil Procedure provides:

"Section 75.—Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code: 1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property. 2. For the partition of real property. 3. For the foreclosure of a mortgage on real property. Where the real property is situated

partly in one district and partly in another, the plaintiff may select either of the districts, and the district so selected is the proper district for the trial of such action.''

The District Court of Guayama decided that the case was triable in Guayama where the suit was brought, and its reasoning proceeded on the theory that the complaint asked that the property located in Guayama be placed in the same situation that it was before the execution of the deed whose nullity is sought, and the court relies on the decision of this court in the case of *Hernández* v. *Bernardini,* 25 P. R. R. 428. That case, clearly in addition to a prayer for nullity, involved a claim of reivindication. Here, however, the defendant appellant maintains that the petition for a restoration of the *status quo* may be disregarded and cites us to the case of *Ibáñez* v. *Diviño,* 22 P. R. R. 484, and similar cases involving nullities and cancellations of deeds, all being interpreted to be personal and not real actions.

If the distinction made by section 75 were solely between real and personal actions the appellant would be right. The statute, however, by its terms is broader and includes not only real actions but suits for the determination in any form of a right or interest in real estate and for injuries to real property. Some of these actions are necessarily personal. The appellant is not without reason in maintaining that the prayer of the complaint would not by itself determine the character of the action. It may, however, be considered in deciding to what class of action the suit belongs. An action for the nullity of a deed to real estate, if successful, absolutely determines the right or interest of the defendant and restores or establishes such right or interest in the complainant. Given the system of registry of land titles and the necessity for cautionary notices in Porto Rico, it is not too great an assumption to suppose that the advantages of trying suits affecting titles in the district where the land is situated were present to the legislature when it adopted without change the California statute. Other changes in

Title V of the Code of Civil Procedure were made by our legislature. In any event the whole wording of the section indicates that it was the intention of the framer of section 75 that actions determining titles should be tried in the district where the land is situated. Titles to real estate are completely changed by a successful nullity suit.

The case of *Ibáñez v. Diviño*, 22 P. R. R. 484, merely decided for the purpose of the application of the statutes of prescription that an action to declare a nullity was a personal and not a real one. Of course neither the court below nor ourselves have any idea that such action in its essence is anything but personal, as it is the act of the parties that is nullified, but such action has fundamentally as its object the determination of a title to land. Literally or historically perhaps it is the defendant's interest that is "determined," but it is putting no great strain on a word to say that the complainant's title is determined at the same time.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.